GRISBAUM, Judge.
This suit involves interpretation of an employment contract. Plaintiff, Robert M. Becnel, sued St. John the Baptist Parish Police Jury for specific performance of his employment contract and/or damages for breach of the contract by the Police Jury. The trial court dismissed plaintiff’s suit finding plaintiff had breached his employment contract. Plaintiff has appealed. We affirm.
From June 1974 until August 24, 1978, plaintiff worked as Secretary/Treasurer for St. John the Baptist Parish Police Jury under an oral contract of employment. A written contract employing him as Secretary/Treasurer and Chief Administrative Officer for the Parish was executed on August 26,1978. On June 19,1980, the Board of Directors of the Riverland National Bank in LaPlace elected plaintiff to serve as Secretary to that Board and to the Executive Committee of the Bank. Board meetings were held once a month at 5 p.m. and lasted approximately two hours; plaintiff also attended meetings lasting between 15 and 45 minutes at 10 a.m. on several Tuesdays. Plaintiff relinquished his position as Secretary/Treasurer for the Parish when the Parish hired him on August 1, 1980 as Parish Administrator. A contract of employment was executed at this time which contained the following provision in paragraph 3 of the contract:
“During the term of this contract, Robert M. Becnel shall devote his entire time and energy to the furtherance of the business of the said Police Jury, under and pursuant to its direction.”
His previous written employment contract as Secretary/Treasurer also contained a similar provision. Plaintiff worked for the Parish as Administrator to the Police Jury under this written contract until November of 1980 when he was terminated by a majority vote of the Police Jury. The Police Jury claimed plaintiff had breached his employment contract by violating the above provision.
We are called upon to resolve the issue, whether plaintiff’s actions constitute a breach of this provision requiring plaintiff to “devote his entire time and energy” to Police Jury business such that the plaintiff’s termination was with cause, and, therefore, would not constitute a breach of performance of the contract on the part of the Police Jury.
Plaintiff claims that “shall devote his entire time and energy to the furtherance of the business of the said Police Jury” is ambiguous. He claims that obviously an employee cannot be considered to owe his employer a twenty-four hour day or seven-day work week. Plaintiff would have this court consider common usage, his past work practices and custom among other employ *85 ees’ work habits in order to interpret these words. Specifically, he contends “entire time” means “full time”, and he refers to United States Code, Title 29, Labor (29 U.S.C. § 207), in Chapter 8 Fair Labor Standards which considers “full time” as a forty-hour work week. Plaintiff also cites 29 U.S.C. § 252. Plaintiff claims since the record reflects he worked over forty hours a week and often spent weekends and evenings performing Parish business, he has not breached this clause which he contends merely requires him to work “full time”, i.e., a forty-hour week. Defendant, on the other hand, contends that plaintiff’s job with Riverland Bank which required him to attend several (nine) meetings on Tuesday during Parish work hours constitutes a breach of the above provision.
Legal agreements have the force of law between the parties governing its subject matter, and this court is duty bound to give legal effect to such agreements. Civil Code Article 1945. In interpreting this contract, this court must determine the intent of the parties from the words of the contract when those words are clear, explicit, and lead to no absurd consequences. Civil Code Article 1945(3); Paragraph 3 of Robert Bec-nel’s contract of employment is clear and explicit. Therefore, we cannot rely on the extrinsic evidence and argument presented by plaintiff for interpretation of this contract. Civil Code Articles 1945(3) and 2276. We must disregard the testimony of collateral understandings and of past practices or customs presented by plaintiff in his brief as the meaning of this phrase “entire time and energy.” The general import of this phrase is that the employee have no outside employment. Such an interpretation does not lead to absurd consequences. We conclude this plaintiff has breached his employment contract. Therefore, we affirm the trial court’s dismissal of plaintiff’s action.
AFFIRMED.